**WO** RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Quentin Michael McDonald, | ) | No. CV 07-2224-PHX-SMM (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, | ) | |
| Defendant. | ) | |

On November 15, 2007, Plaintiff Quentin Michael McDonald, formerly confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. By Order filed November 29, 2007 (Doc. #4), the Maricopa County Sheriff or his designee was required to send to the Clerk of the Court an initial partial filing fee of $8.00, and thereafter, payments from Plaintiff's trust account each time the amount in the account exceeded $10.00, until the balance of the statutory filing fee of $350.00 was paid in full.

The Court will dismiss the Complaint and this action without prejudice.

**I.    Returned Mail**

On November 15, 2007, the Court filed a Notice of Assignment (Doc. #2), which assigned this action to the undersigned Judge. A copy of the Notice was mailed by the Clerk of Court to Plaintiff at his last known address at the Maricopa County Durango Jail on November 16, 2007. On November 27, 2007, the envelope containing the copy of the Notice was returned to the Clerk of Court with the notations "Return To Sender," "No Longer In

Custody,"and "Released." Additionally, on November 29, 2007, the Clerk of Court mailed a copy of the Court's Order (Doc. #4) to Plaintiff at the same last known address. On December 4, 2007, the envelope containing the copy of the Order was returned to the Clerk of Court with the notations "Return To Sender," "No Longer In Custody,"and "Release."

Since the return of these copies, Plaintiff has failed to file a Notice of Change of Address or to in any way notify the Court of his whereabouts. Accordingly, the Clerk of Court has been unable to remail the copies of the Notice and Order to Plaintiff.

Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. **Failure to notify the court of any change in your mailing address may result in the dismissal of your case**."

Also, in its Notice, the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes."

## II.     **Failure to Prosecute**

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31

(1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

1  **IT IS ORDERED** that the Complaint (Doc. #1) and this action are **dismissed without**
2  **prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to
3  prosecute and the Clerk of Court **must enter judgment** accordingly.

4  DATED this 28th day of January, 2008.

Stephen M. McNamee
United States District Judge